12162

MOODY v. DUDLEY LUMBER CO. *ET AL.*

(137 S. E., 141

1. ATTACHMENT—COURT OF COMMON PLEAS MAY DISOLVE ATTACMENT ISSUED BY ITS CLERK.—Court of Common pleas has power, in proper case, to dissolve an attachment issued out of such Court by its clerk.

2. MASTER AND SERVANT—LAW AUTHORIZING LIEN BY EMPLOYEE HELD SUFFICIENTLY DEFINITE AS TO OFFICER AUTHORIZED TO ISSUE ATTACH-

ment (Civ. Code 1922, §§ 5703–5705).—Civ. Code 1922, §§ 5703–5705, entitling employee to a lien against product manufactured by employer, *held* sufficiently definite in respect to what officer of Court was to issue attachment therein authorized.

3. Master and Servant—Employee Working on Commission Held not Entitled to Lien against Product Manufactured by Employer (Civ. Code 1922, §§ 5703, 5704).—Employee, working on commission, and whose wages cannot be determined until employer's product has been sold, *held* not such an employee as entitled him to a lien under Civ. Code 1922, §§ 5703, 5704, against product manufactured by employer.

4. Master and Servant—Employer Held Estopped to Move to Dissolve Attachment to Enforce Lien Claimed by Employee (Civ. Code 1922, §§ 5703–5705).—Where employer, after attachment, in action by employer, claiming a lien under Civ. Code 1922, §§ 5703–5705, filed a bond to release attachment and took no steps for vacation of attachment for six months, during which time it moved for extension in which to answer, entered plea to merits, moved for reference, and took sundry other proceedings, employer was estopped to move to dissolve attachment.

5. Master and Servant—Portions of Affidavit by Employee, on Employer's Motion to Dissolve Attachment, Seeking to Bring Employee within Statute Authorizing Lien, Held Incompetent (Civ. Code 1922, §§ 5703, 5704).—Where employee, in action against employer, wherein he filed an attachment, was given permission to file affidavits on motion to dissolve attachment to show that some right had attached by reason of employe's failure to move promptly to vacate attachment, such portions of affidavits as attempt to show that plaintiff was manual laborer, and employed by the month, for evident purpose of bringing him within Civ. Code 1922, §§ 5703, 5704, authorizing lien *held* incompetent.

Before Johnson, J., Colleton, August, 1925. Affirmed.

Action by J. R. Moody against the Dudley Lumber Company and another. From an order refusing to dissolve an attachment obtained by plaintiff, the defendant named appeals.

The order of the Circuit Judge follows:

"This cause came on to be heard before me at chambers, at Allendale, on August 22, 1925, upon motion of defendant, Dudley Lumber Company, to dissolve the attachment theretofore issued on February 19, 1925, by the clerk of Court of Colleton county, upon the ground that 'the same

was irregularly and improvidently issued by the clerk of this Court,' in that the complaint and affidavit show:

"(a) That the plaintiff was not such an employee in the mill or manufacturing establishment of the defendant Dudley Lumber Company as would entitle him to a lien under sections 5703, 5704, and 5705, of the Civil Code of 1922.

"(b) That the plaintiff was not employed by the day or month.

"(c) That his alleged compensation was based upon commissions calculated upon the sale of the output of the mill, and he was not to receive salary or wages.

"(d) That the alleged contract of employment contemplated and provided for a sale of the output of the mill before the alleged compensation claimed by plaintiff would be due and could be paid to him.

"(e) That the alleged character of employment of the plaintiff was such as would not entitle him to invoke the aid of Section 5703, 5704, and 5705, of the Civil Code of 1922.

"(f) That, if the plaintiff performed any labor on the construction of the sawmill and dry kiln or any other buildings of the defendant, as alleged in paragraph 2 of the complaint, and referred to in his affidavit, it would not entitle him to a lien upon the output of the mill or manufacturing establishment of the defendant therefor.

"(g) That the plaintiff did not help or assist in the production or manufacture of any of the property which he had attached.

"(h) That the amount of compensation claimed by the plaintiff is unliquidated, and is conditional upon the sale of the product of the manufacturing establishment.

"(i) That no salary or wages was to be paid to the plaintiff.

(j) That the alleged labor performed on the sawmill and dry kiln was not performed under an express contract, and the amount of compensation to be paid to plaintiff was not

stipulated nor agreed upon, and plaintiff's only claim for such compensation was under a *quantum meruit.*

"(k) That the plaintiff was not a laborer, as contemplated under Sections 5703, 5704, and 5705, Civil Code of 1922.

"And also in that Sections 5703, 5704, and 5705 of the Civil Code of 1922, under which the said warrant of attachment was issued, are too indefinite as to what officer of the Court is to issue the said warrant of attachment, and the said statutes do not authorize the warrant of attachment to be issued by the clerk of the Court.

"The defendant Atlantic Coast Line Railroad Company was made a party to the action because a portion of the attached lumber was in its possession, but, the attachment having been relieved by bond of its codefendant, it took no part in the motion to dissolve.

"Upon call of the motion before me, plaintiff first entered a special appearance to object to the jurisdiction of the Court to dissolve the attachment, upon the grounds:

"(1) That the statute under which the attachment was procured (Sections 5703, 5704, Vol. 3, Code 1922) does not provide for the dissolution of an attachment after the filing of bond.

"(2) If defendant ever had the right to move to vacate the attachment, it waived such right by the filing of bond, by pleading to the complaint, and by taking other action hereinafter referred to.

"The first ground of objection to the Court's jurisdiction was promtply overruled upon the ground that the Court of Common Pleas necessarily has the power, in a proper case, to dissolve an attachment issued out of such Court by its Clerk, and it was the opinion of the Court that the question of waiver or estoppel was to be determined after a full hearing upon the merits of the motion.

"The record of the cause disclosed that the summons and complaint were served, and the attachment issued and levied,

on February 19, 1925; that defendant Dudley Lumber Company filed its bond to relieve such attachment on the 23d day of that month, accompanying the same with a 'notice' that the exigencies of the circumstances required that the attachment he forthwith relieved, disclaiming plaintiff's right to a lien upon the property attached, and, in effect, reserving, or attempting to reserve, its right to move to vacate the attachment for 'manifest errors appearing in the affidavit of the plaintiff to secure the attachment'; that, on the same day, plaintiff gave 'notice' to said defendant that he would insist that the filing of bond constituted a waiver of the right to move to vacate the attachment; that on March 11th the defendant Dudley Lumber Company moved the Court for, and procured, an extension of time in which to answer the complaint; that on March 26th the said defendant, by answer, pleaded to the merits; that on March 31, 1925, the same defendant moved the Court for, and procured, an order referring certain issues to a special referee; that both plaintiff and defendant appealed from said order of reference, the defendant's notice of appeal bearing date April 20th; that plaintiff served his 'proposed case for appeal' on April 23d, to which defendant served 'notice of proposed amendments' and the 'case' was 'settled' by Judge Wilson by order dated May 16th; that defendant's 'proposed case' was served on May 21st, to which plaintiff proposed certain 'amendments'; and that the 'case' upon the defendant's motion, dated June 3d, was 'settled' by Judge Wilson by order dated June 13th.

"The notice of motion to vacate the attachment bears date as of August 18, 1925, and was heard by me on the 22d of that month.

"The chief contention of defendant, as I understand it, is that plaintiff, while in its employment, was not such a laborer or 'employee' as is protected in his wages by Sections 5703, 5704, of Volume 3, Code of 1922; that this fact

affirmatively appears from the complaint and affidavit upon which the attachment was procured, and the motion to vacate was specifically based by defendant upon the alleged defects appearing upon the face thereof.

"It was a further contention of the defendant that, since the statute did not give to this particular plaintiff a lien upon the output of the defendant's plant, it could not waive its right to move to vacate the attachment; that, since plaintiff never had a lien, nor any right of attachment, none could be conferred by waiver.

"A final contention was that the sections in question are too indefinite as to what officer of the Court is to issue the attachment therein authorized, and that said sections do not warrant the issuance of such attachment by the clerk of Court.

"This last position is, in my opinion, wholly untenable, and was promtply overruled by me at the oral hearing.

"Upon conclusion of the lengthy oral argument upon the motion, which was presented with much force by opposing counsel, I indicated that I was then of the opinion that the complaint and affidavit failed to show that plaintiff was such an 'employee' as is protected in his wages by the statute in question, but that I desired to take under consideration the question of waiver or estoppel. I was then requested by plaintiff's attorneys to grant them the right to file with me affidavits to show 'that some right has attached to the other party (plaintiff) in consequence of such failure (to make a timely motion to vacate the attachment), which it would be inequitable now to divest, or some remedy omitted, or injury would ensue, which, but for the failure, would have been provided against,' as was intimated in *Bates et al. v. Killian,* 17 S. C., 553, might be ground for refusing to vacate an attachment under the general attachment law.

This request was at first denied, but, upon further consideration, I granted plaintiff 10 day's time in which to file affidavits for that purpose, and allowed the defendant the same length of time in which to reply thereto.

"Upon careful consideration of the matter at some length, I am of the opinion that the plaintiff in this cause is not such an 'employee' as is protected in his wages or salary by Sections 5703, 5704, Code 1922, and that the complaint and affidavit, in their allegations and averments, were not sufficient to establish a right of attachment under those sections. Certainly it was never the intention of the General Assembly to give to such an employee, as the complaint and affidavit shows plaintiff to have been, a lien upon defendant's output for his wages when the amount due him under such contract as he had could not be determined until such output had been sold and delivered in open market.

"It would seem, therefore, that if plaintiff actually had no right of attachment under the statute in question, defendant could not 'waive' its right to move to vacate the attachment issued by the clerk of Court, and that it could not, by waiver, confer a lien and a right of attachment that never existed

"I am of the opinion, however, under the facts of this case, as developed by the record herein, that, since defendant, by basing its alleged right to have the attachment dissolved because of an insufficient complaint and affidavit, has, in effect, admitted that the grounds upon which it moves to that end were apparent from the first upon the face of such complaint and affidavit, it has estopped itself from moving to vacate the attachment upon those grounds.

"It is true that the filing of the bond was not of itself, and standing alone, sufficient to constitute a 'waiver' or an 'estoppel,' particularily in view of the ''notice' served upon the plaintiff at the time of the filing of such security. But thereafter, without the service of any other or further

'notice' attempting to reserve the right to move to vacate (and the 'notice' filed at the time of the deposit of the bond showing upon its face that the defendant had confined, or limited, its effort to preserve its right to move to vacate only as against the filing of the bond—that is, that it was defendant's intention that the mere filing of such indemnity should not constitute a waiver of its right to seek disolution of the attachment, defendant took steps looking to a vacation of the attachment for a perod of six months, during which time it moved for an extension of time in which to answer the complaint, actually entered its plea to the merits, moved for a reference, and took sundry other proceedings, which, if it could 'waive' its right to move to vacate, would certainly have amounted to a waiver thereof, and which should certainly estop it, after such a lapse of time from now disturbing a status that was created upon the execution of the attachment.

"If it be said that defendant's 'notice' to plaintiff at the time of the deposit of the bond was sufficient to apprise him of defendant's contention that his complaint and affidavit were insufficient, an adequate reply thereto is that such 'notice' sought to preserve defendant's right only as against the filing of such indemnity, and that, when defendant entered its plea to the merits, etc., without giving any similar 'notice,' the plaintiff had a right to assume that the defendant had 'waived' its objection to such patent defects.

"Pomeroy in his Equity Jurisprudence, Vol. 2, § 804, defines Estoppel as follows:

" 'Equitable estoppal is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some

corresponding right, either of property or contract or of remedy.'

"Estoppel by conduct is defined in 21 Corpus Juris, 1060, as follows:

" 'If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny that that state of facts does in truth exist.'

"Appyling the above definitions to the facts of the case, it appears that the plaintiff herein relied upon the defendant's meeting the issue on the merits, and took no other action. To dissolve the attachment now would mean that, if the plaintiff secures judgment, he would have to satisfy it by the uncertain remedy of execution, whereas, if the bond is allowed to remain he has a sure means of collecting any judgment he may secure. Therefore the defendant, by its acts of delay in making the motion to dissolve of pleading to the merits, making motions as to reference, and appealing, has caused the plaintiff to rely upon said acts, and the defendant is now estopped by its conduct to move to dissolve.

"It will be recalled that the attachment herein was issued under the special statute for the protection of laborers. This special statute provides for the filing of bond, and the defendant promptly filed the bond, and had the attachment dissolved. Therefore to delay to move to dissolve the attachment over such a long period and to take all the steps taken by the defendant in this case would be posititve acts on the part of the defendant which would now estop it from asserting the right to move to disolve.

'To the foregoing it may be added that, upon the issuance and levy of the attachment in question, a status favorable to plaintiff was brought into existence, the ultimate result of which would be to protect him in such judgment, if any, that he might obtain against defendant upon the

trial of the cause upon its merits; that upon the filing of defendant's bond, while the form of his ultimate protection was changed, the status, in effect, remained the same, though affording defendant full opportunity to dispose of the property theretofore attached; and it would seem that a manifest injustice might now be worked against plaintiff if the attachment should be vacated at this late day and the bond discharged. I am of the opinion, therefore, that defendant is 'estopped' now to have the said attachment dossolved.

"This conclusion is reached by me independently of the affidavits filed with me by plaintiff and defendant since the 'hearing,' for, although I have considered such portions thereof as were competent, such affidavits have not satisfied me that defendant's financial responsibility is any less now than it was at the time of the commencement of the action. In connection with such affidavits it should be stated that plaintiff was given permission to file them for the purpose of showing 'that some right has attached to the other party in consequence of such failure (promptly to move to vacate the attachment) which it would be inequitable now to divest,' etc., and that such portions of such affidavits as go beyond that purpose and attempt now to show that plaintiff was a manual laborer, and employed by the month, for the evident purpose of bringing him within the protection of Sections 5703, 5704, are wholly incompetent, irrelevant, and unauthorized under the leave granted, have not been considered by me, and are hereby ordered stricken from the record.

"In connection with the affidavits, however, I am satisfied from all of the affidavits filed that the Dudley Lumber Company has disposed of practically all the lumber attached by the plaintiff herein, and, if the attachment is now dissolved, the plaintiff would not be able to find any lumber which he assisted in manufacturing upon which he might assert any lien that may have belonged to him. . If, on the contrary,

the motion to dissolve had been made in time and had been granted, the plaintiff, if he could bring himself within the statute, could have brought another proceeding to protect his lien on the mnaufactured output. The disposition by the defendant of the lumber on hand, subject to any lien which the plaintiff might claim, under cover of a bond filed for the protection of the plaintiff by the defendant, would create a changed status, to the injury of the plaintiff as a laborer, if he were such, and if he might be able to bring himself clearly within the statute. The plaintiff was clearly led to believe under the facts of the case, after issues joined, that the bond would protect him in any judgment he might secure. It would not be equitable, therefore, to allow the defendant, under cover of the bond, to dispose of the property over which the plaintiff might have had a lien, and, after the disposition of it, move to dissolve upon the grounds, apparent to the defendant from the first, that the complaint and affidavit were insufficient. Such a course of conduct would be unjust and inequitable, and forces the application of the equitable doctrine of estoppel.

"In accordance with the foregoing views, it is ordered and adjudged that the motion to vacate the attachment be, and the same hereby is, refused."

*Messrs. Padgett & Moorer* and *R. B. Fulton,* for appellant, cite: *Lien of employees in factories, etc., for wages:* Acts of 1897, 502; Acts 1915, 248; Civ Code, 1922, Sec. 5703; *Same; statute applies only to laborers:* 86 F., 192. *Attachment statutes to be strictly construed:* 110 S. C., 1; 96 S. E., 407; 37 S. C., 87; 32 S. C., 157; 31 S. C., 369; 31 S. C., 307; 6 C. J., 36 and 74. *Attachment stands or falls on allegations of affidavit and complaint:* 50 S. C., 192; 27 S. E., 631. *"Laborer" defined:* 156 N. C., 239; 72 S. E., 313; 36 L. R. A. (N. S.), 354; 138 N. C., 304; 50 S. E., 687; 81 N. C., 340; 31 Am. Rep., 503; 15 Ga. App., 706; 84 S. E., 174; 6 Ga. App., 203; 64 S. E., 717; 70 A.

S. R., 489; 25 S. E., 403; 92 Ga., 250; 25 S. E., 402. *Allegations of affidavit and complaint must be of facts, not conclusions of law:* 128 S. E., 503; 126 S. E., 422; 124 S. C., 64; 117 S. E., 200; 123 S. C., 494; 117 S. E., 202; 107 S. C., 441; 93 S. E. 138; 105 S. C., 291; 89 S. E., 659; 25 S. E., 403; 169 N. C., 512; 86 S. E., 184. *Old lumber manufacturer's lien:* 70 S. C., 271. *"Wages" and "commission" defined:* Webseter's New International Dictionary. *"Salary" defined:* 84 S. C., 80; Webster's New International Dictionary. *Requirements of affidavit on which to base attachment:* 62 S. C., 532; 50 S. C., 192. *Court of Common Pleas may dissolve attachment improperly issued by Clerk:* 17 S. C., 553. *Who may grant attachment:* Code Civ. Pro., 1922, Sec. 501. *Discharge of property from attachment:* Code Civ. Pro., 1922, Sec. 516. *Right to have illegal attachment dissolved not waived by giving bond or pleading to merits:* 17 S. C., 553; 124 U. S., 721; 31 L. Ed., 567. *Cause of action and right to attach property separate:* 106 S. C., 381. *Appeal from order overruling motion to dissolve attachment does not stay proceedings in principal action:* Code Civ. Pro., 1922, Sec. 654; 122 S. E., 498; 16 S. C., 619. *Prerequisites to estoppel in pais and burden of proof:* 122 S. C., 175; 111 S. C., 57; 107 S. C., 43; 104 S. C., 165; 102 S. C., 371; 97 S. C., 129; 96 S. C., 139; 81 S. C., 331; 67 S. C., 452; 28 S. C., 49; 13 S. C., 369; 86 Am. Dec., 193; 10 R. C. L., 697 and 845. *Estoppel may be used as defense only:* 272 F., 291; 86 Am. Dec., 193. *In general attachment proceedings defendant may move to discharge attachment:* Code Civ. Pro., 1922, Sec. 517. *Same; motion must be with notice:* 86 S. C., 8. *Dismissal of complaint containing statements affirmatively showing absence of cause of action bars another action on same cause:* 108 S. C., 258; 90 S. C., 229. *Complaint in attachment not part of affidavit unless verified and referred to in affi-*

*davit:* 62 S. C., 532; 50 S. C., 192. *Statutory lien may be verbally waived:* 13 S. C., 87.

*Messrs. R. M. Jefferies* and *Howell & Fishburne,* for respondent, cite: *Lien of employees in factories, etc., for wages:* Civ. Code, 1922, Sec. 5703. *In construction of statute whole statute to be considered together:* Sutherland on Statutory Construction, Sec. 241. *Case distinguished:* 86 F., 192. *Plaintiff is within class of employees covered by* Civ. Code, 1922, Sec. 5703: 96 S. E., 407; 76 N. Y., 50; 32 Am. Rep., 262; 75 Wash., 61; 134 P., 676; 47 L. R. A. (N. S.), 765. *Cases distinguished:* 17 S. C., 581. *Circumstances determine term of employment where not named in contract:* 117 S. E., 539. *"Employee" defined:* 58 N. Y., 358; 85 N. Y. S., 839; Ann. Cas., 1917 B., 322; 26 Cyc., 1070. *Acts to protect laborers to be liberally construed:* 26 Cyc., 1067. *"Salary" and "Wages" defined:* 132 S. C., 545; 192 S. E., 203; 98 S. C., 418; 82 S. E., 672; Tenn. Ch., 334; Ann. Cas., 1917 B., 523; 126 Cal., 621; 59 P., 116; Rood on Garnishment, Sec. 93; 157 Pa. St., 133; 37 A., 720; 72 S. E., 185; 149 Ky., 712; 149 S. W., 992: 41 L. R. A. (N. S.), 963; 167 Cal., 222; 139 P., 82; 27 Conn., 274; 71 Am. Dec., 63; 20 C. J., 1241; 40 Cyc., 240. *How lien of employees in factories, etc., for wages may be enforced:* Civ. Code, 1922, Sec. 5704. *Same; fees of officers:* Civ. Code, 1922, Sec. 5705, *Statute determines whether statutory proceeding is action or special proceeding:* 115 S. C., 419; 106 S. E., 31; 83 S. C., 395; 67 S. C., 11; 45 S. E., 111; 30 S. C., 262; 20 S. C., 500; 17 S. C., 156; 13 S. C., 403. *Summons not necessary to foreclose mechanic's lien:* 22 S. C., 534. *Mechanic's lien statute:* Civ. Code, 1922, Secs. 5639–5682. *Agricultural lien statute:* Civ. Code, 1922, Sec. 5692 to 5701. *Motion to dissolve attachment provided under agricultural lien statute:* Civ. Code, 1922, Sec. 5698. *Pleading to merits in agricultural lien proceeding and in landlord's lien proceeding waves right to move to dissolve attach-*

*ments:* 115 S. C., 419; 106 S. E., 31; 22 S. C., 534; 13 S. C., 403. *Waiver:* 114 S. C., 183; 103 S. E., 508. *Giving of replevin bond waives right to move to dissolve attachment:* 2 R. C. L., 875. *Estoppel invoked only to prevent injury:* 17 S. C., 553. *"Estoppel" defined:* 2 Pom. Eq., Remedies, 3rd Ed., Sec. 804. *Elements of estoppel:* 13 S. C., 355; 137 Va., 34; 120 S. E., 247; 2 Pom. Eq. Remedies, 3rd Ed., Secs. 805 and 812–817; 21 C. J., Estoppel, Sec. 247.

February 25, 1927.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

For the reasons assigned by his Honor, J. Henry Johnson, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE BLEASE and MR. ACTING ASSOCIATE JUSTICE PURDY concur.

MR. JUSTICE COTHRAN   (concurring in result).   I concur in the result for the reason that I am inclined to think that the Circuit Judge was in error in holding that the plaintiff was not such an employee under the statute as entitled him to a lien.   Upon this point I reserve my opinion.

MR. JUSTICE STABLER concurs.