## PADGETT v. CUNNINGHAM ET AL.

(153 S. E., 280)

*Messrs. Searson & Searson* and *George Warren,* for appellants,

*Messrs. Hugh O. Hanna* and *R. M. Jeffries,* for respondent,

May 8, 1930.

Opinion of the Court delivered by Mr. Justice Stabler.

This is an action upon a bond given under the provisions of Sections 5703 and 5704 of Volume 3 of the 1922 Code. J. S. Padgett, the original plaintiff, having died pending the appeal, Ida Padgett, as administratrix of his estate, was duly substituted as party plaintiff.

On or about July 31, 1926, prior to the commencement of this suit, J. S. Padgett brought an action against the Estill Lumber Company, Inc., and procured an attachment to be issued against certain manufactured lumber, the output of the company, including lumber at its planing mill site and lumber from two sawmills operated by the plaintiff on lands known as the Rentz tract, the attachment being based upon his claim of a laborer's lien under the sections of the Code above referred to. The company replevied the lumber, the defendants in this action becoming sureties on the bond. The complaint in the former action contained two causes, first, a claim for services rendered in manufacturing timber cut by the two sawmills on the Rentz tract, and, second, a cause for the enforcement of plaintiff's alleged laborer's lien under the statute. The defendant, on August 18, 1926, answered by way of general denial, and, on February 12, 1927, served notice to have an amended answer allowed on call of the case for trial, which amended answer was so allowed.

When the cause came up for trial before Judge S. W. G. Shipp, at Hampton, he held that the first cause of action was for a jury, but that the second cause was for the Court. The first cause was then tried, the plaintiff obtaining a verdict for $850.00.

Thereafter, on March 1, 1927, the defendant company served notice on the plaintiff that it would move before Judge Shipp at Beaufort, on March 7, 1927, to have the equitable issues of the case, involved in the second cause of

action, heard and determined. Upon a hearing of the matter, at Orangeburg, the motion for vacation of the attachment having been withdrawn, he issued an order holding that there was no necessity to determine the second cause of action, for the reason that the rights of the plaintiff had been transferred to the bond, the output of the mill having been disposed of and not being available. No appeal was taken from this order.

The present action was commenced on December 17, 1927. After service of the answer, the plaintiff moved before Judge M. L. Bonham, at Beaufort, to strike the answer, on grounds which need not be here stated. This motion being refused, the plaintiff demurred to the answer on practically the same grounds. The demurrer was overruled by Judge J. Henry Johnson, on August 21, 1928. The case was tried before Judge Wm. H. Grimball and a jury, at Hampton on October 4, 1928, a verdict being directed in favor of the plaintiff, J. S. Padgett, for $946.64. The appeal involves numerous exceptions to these various orders, but under our view of the case it will be necessary to consider only the exception imputing error to Judge Grimball in directing a verdict for the plaintiff.

It appears from the record that J. S. Padgett and the Estill Lumber Company entered into a contract under which Padgett was to manufacture into lumber the timber on the Rentz tract, and that the company was to pay him therefor at the rate of $8.25 per thousand feet, Padgett to furnish the labor, saw bits, files and oil, and the company to furnish the mules, carts, and mill equipment. The appellants in the present case strenuously contend that Padgett was not such a laborer within the purview of Sections 5703 and 5704 as to be entitled to a laborer's lien as against the lumber company. The plaintiff urges that, even if Padgett was not such a laborer, the defendants, by the acts of their principal in the former case, are estopped to set up that defense. Judge Grimball agreed with this posi-

tion, and his order directing a verdict for the plaintiff was predicated upon that view.

In the argument here both sides cited the case of *Moody v. Dudley Lumber Company*, 138 S. C., 478, 137 S. E., 141, 142. The proceedings in that case are thus summarized in Judge Johnson's decree, which was adopted by this Court:

"The record of the cause disclosed that the summons and complaint were served, and the attachment issued and levied on February 19, 1925; that defendant Dudley Lumber Company filed its bond to relieve such attachment on the 23d day of that month, accompanying the same with a 'notice' that the exigencies of the circumstances required that the attachment be forthwith relieved, disclaiming plaintiff's right to a lien upon the property attached, and, in effect, reserving, or attempting to reserve, its right to move to vacate the attachment for 'manifest errors appearing in the affidavit of plaintiff to secure the attachment'; that, on the same day, plaintiff gave 'notice' to said defendant that he would insist that the filing of bond consituted a waiver of the right to move to vacate the attachment; that on March 11th the defendant Dudley Lumber Co. moved the Court for, and procured, an extension of time in which to answer the complaint; that on March 26th the said defendant, by answer, pleaded to the merits; that on March 31, 1925, the same defendant moved the Court for, and procured, an order referring certain issues to a special Referee; that both plaintiff and defendant appealed from said order of reference, the defendant's notice of appeal bearing date April 20th; that plaintiff served his 'proposed case for appeal' on April 23d, to which defendant served 'notice of proposed amendments' and the 'case' was 'settled' by Judge Wilson by order dated May 16th; that defendant's 'proposed case' was served on May 21st, to which plaintiff proposed certain 'amendments'; and that the 'case' upon defendant's motion, dated June 3d, was 'settled' by Judge Wilson by order dated June 13th. The notice of mo-

tion to vacate the attachment bears date as of August 18, 1925, and was heard by me on the 22d of that month."

Judge Johnson held that, while Moody was not an employee within the meaning of Sections 5703 and 5704, the defendants were estopped by their course in the case from moving to vacate the attachment upon the grounds presented, and, after quoting certain definitions of estoppel, said:

"Applying the above definitions to the facts of the case, it appears that the plaintiff herein relied upon the defendant's meeting the issue on the merits, and took no other action. To dissolve the attachment now would mean that, if the plaintiff secures judgment, he would have to satisfy it by the uncertain remedy of execution, whereas, if the bond is allowed to remain, he has a sure means of collecting any judgment he may secure. Therefore the defendant, by its acts of delay in making the motion to dissolve of pleading to the merits, making motions as to reference, and appealing has caused the plaintiff to rely upon said acts, and the defendant is now estopped by its conduct to move to dissolve.

"It will be recalled that the attachment herein was issued under the special statute for the protection of laborers. This special statute provides for the filing of bond, and the defendant promptly filed the bond, and had the attachment dissolved. Therefore, to delay to dissolve the attachment over such a long period and to take all the steps taken by the defendant in this case would be positive acts on the part of the defendant which would now estop it from asserting the right to move to dissolve.

"To the foregoing it may be added that, upon the issuance and levy of the attachment in question, a status favorable to plaintiff was brought into existence, the ultimate result of which would be to protect him in such judgment, if any, that he might obtain against defendant upon the trial of the cause upon its merits; that upon the filing of defendant's bond, while the form of his ultimate protection was changed, the status, in, effect, remained the same, though affording

defendant full opportunity to dispose of the property theretofore attached; and it would seem that a manifest injustice might now be worked against plaintiff if the attachment should be vacated at this late day and the bond discharged. I am of the opinion, therefore, that defendant is 'estopped' now to have the said attachment dissolved.   *   *   *

"I am satisfied from all of the affidavits filed that the Dudley Lumber Company has disposed of practically all the lumber attached by the plaintiff herein, and, if the attachment is now dissolved, the plaintiff would not be able to find any lumber which he assisted in manufacturing upon which he might assert any lien that may have belonged to him. If, on the contrary, the motion to dissolve had been made in time and had been granted, the plaintiff, if he could bring himself within the statute, could have brought another proceeding to protect his lien on the manufactured output. The disposition by the defendant of the lumber on hand, subject to any lien which the plaintiff might claim, under cover of a bond filed for the protection of the plaintiff by the defendant, would create a changed status, to the injury of the plaintiff as a laborer, if he were such, and if he might be able to bring himself clearly within the statute. The plaintiff was clearly led to believe under the facts of the case, after issues joined, that the bond would protect him in any judgment he might secure. It would not be equitable, therefore, to allow the defendant, under cover of the bond, to dispose of the property over which the plaintiff might have had a lien, and, after the disposition of it, move to dissolve upon the grounds, apparent to the defendant from the first, that the complaint and affidavit were insufficient. Such a course of conduct would be unjust and inequitable, and forces the application of the equitable doctrine of estoppel."

In the *Estill Lumber Company case,* the summons and complaint were served and the attachment procured on or about July 31, 1926; the replevy bond was given on or about August 2, 1926, the answer of general denial was filed on

August 18, 1926; a motion to have the answer amended on call of the case was served on February 12, 1927; the case was tried and a verdict rendered for the plaintiff on February 18, 1927; notice by the defendant of a motion to hear and determine the second cause of action was given on March 1, 1927, which motion was subsequently refused. The record further shows that a receiver was appointed for the Estill Lumber Company on or about December 3, 1926, and that all its property had been disposed of, the proceeds therefrom being utterly insufficient to pay the creditors.

It will be seen that the proceedings in the case brought by J. S. Padgett against the Estill Lumber Company are closely parallel to those in the *Moody case*. It is unnecessary for us to decide whether Padgett was an employee of the Estill Lumber Company within the meaning of Sections 5703 and 5704, since under the undisputed facts of the case, the acts of the principal on the bond were such as to estop the sureties, the appellants here, as a matter of law, from now denying liability on the ground that he was not such an employee. As a general rule, the question of estoppel is one for the jury, but, where the facts relied on to invoke it are undisputed, as here, it is a matter for the Court.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.