12936

CARTER GROCERY CO. v. WILSON

(153 S. E., 566)

*Messrs. Herndon & Thompson,* for appellant,

*Messrs. Hughs & Hughs,* for respondent, cite:

June 9, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, Carter Grocery Company, a corporation under the laws of the State of Georgia, commenced this action against the defendant, H. W. Wilson, in the Court of Common Pleas for Oconee County, November 29, 1929, to recover judgment against the defendant in the sum of $182.60, for goods sold and delivered by the plaintiff to the defendant. At the time of the commencement of the suit an attachment was issued, and from an order of his Honor, Judge M. L. Bonham, refusing to grant the defendant's motion to dissolve the attachment, the defendant has appealed to this Court, imputing error to his Honor in refusing said motion, contending that the grounds upon which the motion was based were sufficient for dissolving the attachment.

The motion to dissolve was based upon the following grounds:

"1. For that said attachment was issued in violation of Section 503 of the Code of Civil Procedure of South Carolina, in that the Clerk issuing the said warrant of attachment did not, before issuing said warrant of attachment, require an undertaking on the part of the plaintiff, with sufficient surety in the sum of at least two hundred and fifty dollars, but issued said warrant of attachment upon an undertaking in the sum of only twenty-five dollars.

"2. For that the affidavit upon which said warrant of attachment was issued is insufficient, in that there are no statements of fact contained in said affidavit supporting the allegation that the debtor is removing his property and selling the same, with intent to defraud his creditors, and in particular the Carter Grocery Company.

"3. In that said affidavit is insufficient, in that the said affidavit does not state the facts relied upon, nor the sources of information and circumstances relied on to show such facts.

"4. In that said affidavit is insufficient, in that it appears upon the face of the affidavit, that the said affidavit is made by the agent of plaintiff, A. R. Addison, and there is not set forth in the affidavit his knowledge or the grounds of belief on the subject, and the reason why it is not made by the plaintiff, or some officer thereof.

"5. This application will be made upon all the records in the case."

It will be observed that the motion to dissolve the attachment was based, not upon the ground that the same was improvidently issued, but upon the ground that it was irregularly issued. As disclosed by the record, it is not contended in the grounds of the motion that the allegations in the affidavit in question are not true, but the contention is that the allegations set forth in the affidavit are not sufficient and do not furnish a ground for issuing the attachment. As to the question raised concerning the amount of the bond required

by the Clerk of Court in connection with issuing the warrant of attachment (the amount required not being in compliance with the statute), that, too, constitutes an irregularity · charged. Therefore, clearly the objection now complained of may be waived by answering on the merits. *Lipscomb v. Rice,* 47 S. C., 14, 24 S. E., 925; *Guckenheimer v. Libbey,* 42 S. C., 162, 19 S. E., 999; *Kerchner and Calder v. Mc-Cormac,* 25 S. C., 461; *Young v. Gray,* Harp., 38; *Du Rant v. Brown Motor Company,* 147 S. C., 88, 144 S. E., 705; and *Skalowski v. Joe Fisher, Inc.,* 152 S. C., 114, 149 S. E., 340. It appears to be conceded that the defendant on the same day the attachment was issued gave bond and procured the discharge of the attached property, and about eighteen days later answered on the merits. It was not until after giving the said bond and answering on the merits that the defendant served notice of motion to dissolve the attachment. We agree with the holding of his Honor, Judge Bonham, that the notice and motion to dissolve came too late; that the defendant by executing the said bond and answering on the merits before giving notice of said motion waived the objections to the attachment based on irregularities. Upon this ground we sustain the order of his Honor in refusing the motion to dissolve. It may be well to make this observation, that the case at bar is clearly distinguishable from the case of *Skalowski v. Fisher, supra.* In that case the motion to dissolve was made promptly and the bond not given until the defendant was forced to do so to protect its rights as to the property involved. In the case at bar the defendant gave the bond the very day the attachment was issued, and about eighteen days later answered on the merits. It was some time after this that notice of the motion to dissolve was given.

We deem it unnecessary to consider the other matters discussed in the order of the Circuit Judge and referred to in the argument of counsel.

The exceptions are overruled, and the order of the Circuit Judge affirmed.

Messrs. Justices Cothran, Blease and Stabler and Mr. Acting Associate Justice Graydon concur.

Mr. Chief Justice Watts did not participate.