16219

COOKE v. McCANTS *ET AL.*

(53 S. E. (2d) 651)

*Mr. Louis L. Lesesne,* of Kingstree, *for Appellants, cites:*

*Mr. Herman Stacy Clardy,* of Andrews, *for Respondent,* cites:

May 25, 1949.

OXNER, Justice.

This is an action by a sharecropper against his landlord for the possession of the crop and for an accounting. The appeal is from an order denying a motion by defendants to vacate an attachment of the crop. The motion was made upon the following grounds: (1) "That the affidavit fails to show a cause of action in plaintiff." (2) "That the affidavit fails to show an intent to defraud the plaintiff." (3) "That a proper bond on the part of plaintiff was not filed, there being no evidence of authority for another to sign for the plaintiff."

In the affidavit upon which the attachment was issued, it was alleged that plaintiff entered into an agreement with defendant Raymond McCants to share crop two and a half

acres of tobacco during 1948; that plaintiff planted and cultivated said crop to maturity; that when his father, as his agent, sought to enter upon the premises on July 17, 1948, for the purpose of harvesting and curing said tobacco, defendants refused to permit him to do so; that the defendants have unlawfully taken possession of said crop and were about to remove the tobacco to the State of Georgia for the purpose of selling same and defrauding him of his half interest therein; and that the value of the tobacco already harvested amounted to approximately $500.00 and that remaining in the field was worth about $1,000.00. The attachment bond filed by the plaintiff and duly approved by the Clerk of Court was signed "W. Maxie Cooke by A. E. Cooke (As Principal) and U. R. McCants (As Surety)." It was otherwise in the usual form. (A. E. Cooke is the father of plaintiff).

The summons and complaint were served on July 27, 1948, and on the same day the warrant of attachment was issued and the property seized. On the following day defendants filed with the Clerk of Court a bond and petition for the release of the property attached. The bond was approved by the Clerk, who isued an order discharging the attachment and directing the Sheriff to deliver possession of the property to the defendants. On August 3rd, counsel for defendants gave notice of a motion to vacate the attachment. The motion was noticed to be heard on August 12th, but due to the illness of plaintiff's attorney was not argued until August 16th. At the hearing several letters written by the plaintiff were exhibited to the Court which purported in general terms to authorize his father to act for him in the transaction. After the arguments, a power of attorney, regular in form, authorizing plaintiff's father to sign the bond in his behalf was filed. On September 8, 1948, the Court denied the motion to dissolve the attachment.

The time for answering was extended by agreement of counsel, but the record does not disclose whether this was

done before or after the motion was made to vacate the attachment. No answer had been filed at the time this appeal was perfected.

We shall assume for the purpose of this discussion that the attachment was irregularly issued and proceed to determine whether defendants have waived the alleged defects.

There is quite a diversity of opinion on the question of whether the giving of a bond for the release of the attached property operates as a waiver of objections to the attachment. 4 Am. Jur., page 924. Perhaps, this conflict may be explained in part by the character of the undertaking which the statutes of the different states require in order to secure a release of the property. The conflicting decisions are reviewed in annotations found in 123 Am. St. Reps., page 1028 and 72 A. L. R., page 120.

Section 543 of the Code of 1942 provides that "whenever the defendant shall have appeared in such action, he may apply to the officer who issued the attachment, or to the court, for an order to discharge the same." Under the terms of Section 544, upon the filing of such application, the defendant is required to give an undertaking, with sureties to be approved by the Court, "to the effect that such sureties will, on demand, pay to the plaintiff the amount of judgment that may be recovered against the defendant in the action," not exceeding, however, the amount specified in the undertaking. If the application to discharge the attachment is granted, the property is delivered to the defendant and released from the attachment. Section 543.

In *Bates, Reed & Cooley v. Killian & Bros.*, 17 S. C. 553, the Court, after observing that the decisions in other states were not uniform and that the question was new in this jurisdiction, held that in executing the bond required by Section 544, then Section 265, the defendant did not thereby waive his right to have the attachment dissolved on the ground that it was irregularly or improvidently issued.

The case of *DuRant v. Brown Motor Co.*, 147 S. C. 88, 144 S. E. 705, involved an action in claim and delivery for the possession of an automobile. The sheriff undertook to seize the car outside of his own county. The next day the defendant executed and delivered to the sheriff a redelivery bond and regained possession. Thereafter defendant made a motion to set aside the seizure upon the ground that the sheriff was without authority to seize the car in another county. The Court held that the defendant, by execution of the redelivery bond, waived the irregularity of the seizure.

The question involved in *Bates, Reed & Cooley v. Killian & Bros., supra,* was again before the Court in *Skalowski v. Joe Fisher, Inc., et al.,* 152 S. C. 108, 149 S. E. 340, 347, 65 A. L. R. 1427. There the defendants promptly moved to vacate an attachment. The motion was refused and defendants appealed. Several months later and while said appeal was pending, the defendants executed a bond to release the property attached. In a dissenting opinion, Chief Justice Watts concluded under the authority of *DuRant v. Brown Motor Co., supra,* that "when the defendants gave bond, they waived the right to set aside the attachment." The majority of the Court, however, reached a contrary conclusion and held that the Court below erred in refusing to vacate the attachment. The prevailing opinion was written by Justice Cothran who also wrote the opinion in the *DuRant case.* In speaking of the *DuRant case,* he said: "The distinction between that case and the case at bar is that in the latter the defendants moved promptly to dissolve the attachment, and appealed from an adverse order. *Thereafter* the forthcoming bond was executed. The defendants exercised with vigilance every right which they had—they had the right to move a dissolution of the attachment and did so promptly; they had the right to appeal from the adverse order and promptly did so; and, when the forthcoming bond was given, the appeal was pending and undecided."

In *Carter Grocery Co. v. Wilson,* 156 S. C. 546, 153 S. E. 566, 567, 72 A. L. R. 118, the defendant gave bond and the attachment was discharged on the same day the warrant was issued. About eighteen days later defendant answered on the merits. Thereafter he gave notice of a motion to dissolve the attachment upon the grounds that the amount of the plaintiff's bond was less than that required by statute and that the affidavit was insufficient in several particulars. In sustaining an order refusing the motion to vacate the attachment, the Court said: "We agree with the holding of his Honor, Judge Bonham, that the notice and motion to dissolve came too late; that the defendant by executing the said bond and answering on the merits before giving notice of said motion waived the objections to the attachment based on irregularities. Upon this ground we sustain the order of his honor in refusing the motion to dissolve. It may be well to make this observation, that the case at bar is clearly distinguishable from the case of *Skalowski v. Joe Fisher, Inc., supra.* In that case the motion to dissolve was made promptly and the bond not given until the defendant was forced to do so to protect its rights as to the property involved. In the case at bar the defendant gave the bond the very day the attachment was issued, and about eighteen days later answered on the merits. It was some time after this that notice of the motion to dissolve was given."

While it was held in *Bates, Reed & Cooley v. Killian & Bros., supra,* that by executing a dissolution bond a defendant does not waive any irregularities in the attachment, the rule there laid down has been restricted by the later decisions so as to require the motion to dissolve to be promptly made where the defects complained of are apparent upon the face of the attachment proceedings. Otherwise, the irregularities are waived. It is only fair that a defendant should disclose his intention to assail the attachment at the earliest opportunity or show good cause for not so doing. Due diligence would ordinarily require that notice to dissolve should

be given before the filing of the dissolution bond and the release of the attached property. Any other rule would afford an opportunity to a defendant, after the filing of a dissolution bond, to dispose of the attached property or remove it from the jurisdiction of the court and then move to dissolve the attachment. In many instances this would work a manifest injustice against the plaintiff. In this connection, see *Moody v. Dudley Lumber Co. et al.,* 138 S. C. 478, 137 S. E. 141.

In the case before us, the defendants, without any reservation of the right to move to dissolve, executed the required bond and secured a release of the property on the day after it was attached. The motion to dissolve was not made until about a week later. No explanation is made of this delay. Defendants' counsel also secured an extension of time in which to plead. Under these circumstances, we think the defendants have waived the irregularities now complained of and the Court below properly refused the motion to vacate the attachment.

The order appealed from is affirmed.

BAKER, C. J.; and FISHBURNE, STUKES and TAYLOR, JJ., concur.