## 17508

SOUTHEASTERN EQUIPMENT CO., Respondent (Cross-Appellant), v. ONE 1954 AUTOCAR DIESEL TRACTOR (substituted for Baumer Foods, Inc., dismissed), Appellant (Cross-Respondent).

(107 S. E. (2d) 340)

*Messrs. Edens & Woodward,* of Columbia, *for Appellant, (Cross-Respondent),*

*Messrs. T. P. Taylor* and *J. Reese Daniel,* of Columbia, *for Respondent (.Cross-Appellant),*

*Messrs. Edens & Woodward,* of Columbia, *for Appellant, (Cross-Respondent), in Reply,*

*Messrs. T. P. Taylor* and *J. Reese Daniel,* of Columbia, *for Respondent (Cross-Appellant), in Reply,*

February 25, 1959.

STUKES, Chief Justice.

This action was commenced by plaintiff against Baumer Foods, Inc., by the issuance of a summons (complaint not served) on July 15, 1958, at which time an attachment was caused to issue against "One 1954 Autocar Diesel Tractor," property of the named defendant.

On July 18, 1958, Baumer Foods, Inc., appearing "specially" moved the court for a substitution of security, which was allowed, and Baumer Foods, Inc., posted bond with surety in the sum of $2,500.00, and the attached property, to wit, "One 1954 Auto-car Diesel Tractor," was released.

On July 28, 1958, Baumer Foods, Inc., served notice of a motion upon counsel for plaintiff to dissolve the attachment on the ground that the affidavit for warrant of attachment "fails to show that a cause of action exists against defendant, specifying the amount of the claim and the grounds thereof," and on the same day its counsel wrote counsel for plaintiff a letter demanding a copy of the complaint subject to its notice of motion for an order dissolving the attachment. On the day following, being July 29, 1958, counsel for

Baumer Foods, Inc., served a further notice upon counsel for plaintiff seeking to qualify the notice of motion to dissolve the attachment and the letter demanding a copy of the complaint as being upon and subject to special appearance.

On August 18, 1958, plaintiff served a copy of its complaint upon counsel for Baumer Foods, Inc., service of which was "acknowledged." On September 2, 1958, Baumer Foods, Inc., appearing "specially," gave notice of a motion for an order dismissing the complaint on the ground that more than thirty days had elapsed since the issuance of the summons, but that no personal service thereof had been made upon it, and no publication thereof commenced.

The motions of Baumer Foods, Inc., to dismiss the complaint and to dissolve the attachment were heard by Judge Bates, on September 5, 1958. At the hearing plaintiff conceded that no personal service of the summons had been made upon Baumer Foods, Inc., and that no order for publication had been obtained. It contended, however, that Baumer Foods, Inc., had submitted itself to the jurisdiction of the court by its notice of motion to dissolve the attachment, and by its demand for a copy of the complaint.

On September 6, 1958, Judge Bates rendered his order granting the motion of Baumer Foods, Inc., for an order dismissing the complaint as to it for lack of service of the summons, but holding that the court had obtained jurisdiction of the "One 1954 Autocar Diesel Tractor" by reason of its attachment, and that the action should proceed against it as an action *in rem,* as if it were a natural person. At the same time Judge Bates refused the motion of Baumer Foods, Inc., to dissolve the attachment but gave leave to the "One 1954 Autocar Diesel Tractor," as defendant, to appeal to the Supreme Court of South Carolina from such refusal if it should be so advised.

On September 15, 1958, pursuant to leave granted, One 1954 Autocar Diesel Tractor, as defendant, gave to plaintiff timely notice of appeal to the Supreme Court of South caro-

lina from so much of the order of Judge Bates rendered on September 6, 1958, as refused the motion to dissolve the attachment. The Tractor, constituted defendant under said order, is the appellant in this appeal and plaintiff is respondent. Baumer Foods, Inc., did not appeal.

On September 16, 1958, plaintiff gave timely notice to counsel for the substituted defendant, One 1954 Autocar Diesel Tractor, of its intention to appeal from so much of said order of September 6, 1958, as dismissed the complaint as to Baumer Foods, Inc., and the defendant, One 1954 Autocar Diesel Tractor (substituted for Baumer Foods, Inc., dismissed) is the cross-respondent in plaintiff's appeal and plaintiff is cross-appellant.

The foregoing is from the agreed statement in the record for appeal. Baumer Foods, Inc., is a foreign corporation, which was a ground of the attachment of its property here. Sec. 10-901 *et seq.,* Code of 1952.

Plaintiff's appeal, which challenges the conclusion that Baumer Foods, Inc., had not submitted itself to the jurisdiction of the court by its several contrary acts, will be first considered. That appeal will have to be sustained perforce the provisions of Sec. 10-648 of the Code of 1952, with which defendant did not comply, and upon the authority of *South Carolina State Highway Department v. Isthmian Steamship Co.,* 210 S. C. 408, 43 S. E. (2d) 132, and *Chisholm v. Klinger,* 229 S. C. 8, 91 S. E. (2d) 538. From the first cited decision we quote (210 S. C. 416, 43 S. E. (2d) 135): "When a defendant becomes the actor in an event which contemplates, in effect impliedly acknowledges, the jurisdiction of the court before disposition of a prior special appearance to test the jurisdiction of his person, he waives the objection raised in the special appearance and becomes subject to the jurisdiction of the court." These authorities comport with Sec. 10-406.1 which provides: "A voluntary appearance of a defendant is equivalent to personal service of the summons upon him."

Turning to defendant's appeal, it is overruled because the motion to dissolve the attachment for alleged defect in the affidavit therefor was made after "substitution of security" (an implied acknowledgment of the validity of the attachment) which was too late. *Cooke v. McCants,* 214 S. C. 534, 53 S. E. (2d) 651. In this view, the affidavit for attachment need not, and will not, be examined for sufficiency.

That portion of the judgment of the lower court which upheld the validity of the attachment is affirmed; but it is reversed in so far as it held that the corporate defendant had not submitted itself to the jurisdiction of the court.

Affirmed in part; reversed in part.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.